UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVE-ANN MUIR, individually and on behalf of all others similarly situated,

    Plaintiff,

-against-

EARLY WARNING SERVICES, LLC

    Defendant.

### NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT AND RELEASE

**PLEASE TAKE NOTICE THAT** upon this Notice of Motion and Motion, Plaintiff, Steve-Ann Muir ("Plaintiff"), individually, and as representative of the class of persons defined below, will move this Honorable Court, on June 13, 2018, at 10:00 a.m. in Courtroom 2, Martin Luther King Building & US Courthouse, 50 Walnut Street, Newark, NJ 07101, for an Order certifying this case to proceed as a class action and granting final approval of the Parties' class settlement agreement. Specifically, the Parties will jointly move this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action, and granting final approval of the settlement, on behalf of the following class:

> All natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who, between January 29, 2014 and December 31, 2016, requested a copy of his or her file disclosure from EWS and whose disclosure reflected that EWS maintained an Internal Fraud Prevention Service record about that consumer at the time it prepared the disclosure.

In support of this motion, the Parties respectfully state the following:

1.     Plaintiff filed a Complaint (ECF No. 1) averring that Early Warning Services ("EWS") violated the provisions of the Fair Credit Reporting Act ("FCRA"). After extensive work,

the Parties began engaging in arms-length discussions which ultimately culminated in an agreement to settle the claims of Plaintiff and Settlement Class.

2. On February 07, 2018, the Court entered an Order of Preliminary Approval of Class Action Settlement and Preliminary Determination of Class Action Status (ECF No. 123).

3. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court made a preliminary determination of certification, for settlement purposes only, as a class action on behalf of the of the following class of plaintiffs:

> All natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who, between January 29, 2014 and December 31, 2016, requested a copy of his or her file disclosure from EWS and whose disclosure reflected that EWS maintained an Internal Fraud Prevention Service record about that consumer at the time it prepared the disclosure.

*Id*. at ¶ 1(a).

4. Pursuant to Fed. R. Civ. P. 23, Plaintiff Steve-Ann Muir was preliminarily appointed as the Class Representative for the Class Members and the law firm of Marcus and Zelman, LLC, and Posner Law, PLLC., were preliminarily appointed as counsel for the class members. *Id*. at ¶ 1(c).

5. The Court preliminarily determined that this lawsuit satisfied the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23.

6. The Court preliminarily found that the settlement of this lawsuit, on the terms and conditions set forth in the Class Action Settlement Agreement, appeared in all respects fundamentally fair, reasonable, adequate , and in the best interests of the class members, in light of several factors.

7. The Court also established a framework for the final approval of the settlement, which required the Parties to cause notice to be mailed to the members of the above defined class, and further

set deadlines and procedures for class members to request exclusion from the class and/or to object to the settlement, and set a date and time for the fairness hearing.

8. In accordance with the Court's Order, notice of the settlement of this action was mailed to 211 Settlement Class members on March 09, 2018. See declaration from Class Administrator. Consequently, as demonstrated below, the Agreement is now ripe for this Court's final approval.

9. EWS identified 211 persons who meet the class definition, which is set forth above, and which is alleged in Plaintiff's Complaint.

10. There are questions of law and fact common to the Plaintiff class, which common issues predominate over any issues affecting only individual class members.

11. There are no individual issues other than identifying the individual class members, which is a ministerial task EWS already accomplished through a review of its business records.

12. Plaintiff's claims are typical of those of the class members. All are based on substantially similar facts and the same legal theories.

13. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FCRA, class actions, and other complex litigation. Neither Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue this action.

14. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    a. Most class members are unaware of their rights and have no knowledge that their rights are being violated by the Defendant's alleged collection practices;

    b. The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to a maximum recovery of up to $1,000.00; and

    c. Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims.

15. The Parties request certification of a class action and final approval of the class settlement agreement pursuant to Rule 23(b)(3), including an award of Class Counsels' fees and costs. The grounds supporting class certification and final approval are further explained and supported by the accompanying Memorandum of Law, the Declaration of counsel, the documents and pleadings on file with the Court, and any oral argument the Court may entertain with respect to this motion.

Respectfully submitted,

Dated: May 21, 2018

*s/ Ari Marcus*
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
E-Mail: Ari@MarcusZelman.com
*Attorneys for Plaintiff*